854 F.2d 1317
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David M. McINNIS, Henrietta S. McInnis, Charles A. O'Neal,
Jr., Guardian ad Litem for Charles "Bo" O'Neal,
Plaintiffs-Appellees,
v.
SAFECO INSURANCE COMPANY OF AMERICA, Defendant-Appellant.
 No. 87-2687.
 United States Court of Appeals, Fourth Circuit.
 Argued June 20, 1988.
Decided Aug. 2, 1988.
 
 Charles Elford Carpenter, Jr. (William H. Hensel, Richardson, Plowden, Grier & Howser on brief) for appellants.
 Jefferson Boone Aiken, III (Coleman, Aiken & Chase, P.A. on brief), Olin Leo Purvis, III (Purvis & Saleeby on brief) for appellees.
 Before JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is a declaratory action to determine the coverage of a homeowners insurance policy issued by Safeco Insurance Company to Dr. and Mrs. McInnis. The policy covers their lakefront home in Bennettsville, South Carolina, and the accident in question occurred on a state-owned strip of land surrounding the lake. The district court found that the policy covered the accident and ordered Safeco to extend coverage and defend the McInnises in a related state court action. We affirm.
 
 
 2
 The McInnis home is on Lake Paul Wallace. The South Carolina Wildlife and Resources Commission owns the lake and a buffer zone some fifty to seventy-five feet wide surrounding the lake. On February 8, 1985, Charles O'Neal, a nine year old neighbor, was injured while riding a small motorcycle owned by the McInnises in the buffer zone about a half mile from the McInnis home. The motorcycle was designed for off road use only and was not registered or insured.
 
 
 3
 The homeowners policy at issue excludes occurrences involving the use of motor vehicles but excepts from that exclusion vehicles "designed for recreational use off public roads, not subject to motor vehicle registration and owned by any insured, while on an insured location." Jt.App. at 141. (emphasis in original indicating the term is defined elsewhere in the policy). The term "insured location" is defined to include the "residence premises" (also a defined term) and "any premises used by you in connection with the [residence] premises...." Jt.App. at 130.
 
 
 4
 The sole issue is whether this accident occurred on an insured location so that it would be covered. The district court carefully examined the policy language and the relevant case law, and found that the policy covered O'Neal's accident. We agree with that finding and affirm on the reasoning of the district court's opinion. McInnis v. Safeco Ins. Co. of America, No. 87-832-15 (D.S.C. Nov. 10, 1987).
 
 
 5
 AFFIRMED.